## PURCHASE OF INTEREST IN A BUSINESS.

Common Pleas Court of Hamilton County.

JOSEPH W. HARRIS v. FREDERICK A. MENTGES.

Decided, October, 1923.

Where one agrees in writing to purchase the interest of another in a business, testimony tending to show that the vendor misrepresented the amount of the liabilities is inadmissible.

*Charles E. Dornette*, for plaintiff.

*Harry Hess* for defendant.

MATTHEWS, J., HOFFMAN and ROETTINGER, JJ., concur.
(Sitting in Banc.)

The action below was based upon a negotiable promissory note. The bill of exceptions shows that this note was given as part payment of the purchase price of a one-half interest in a business.

The answer alleges as a defense that there was an agreement between the plaintiff and the defendant, who were partners whereby the plaintiff below was to sell his one-half interest to the defendant below for one-half of the net worth of said business and that the plaintiff misrepresented the amount of the indebtedness due by. the partnership.

In the trial below after considerable evidence was introduced as to the circumstances, including the written contract between the parties and also the bill of sale, the defendant was asked this question:

"After you had acquired the half interest of the said Fred A. Mentges in the partnership, did you learn of any discrepancy in the accounts payable?"

Objection was made to this question, and the court sustained the objection, and the defendant excepted—

"On the ground that the defendant had the right to introduce testimony showing that the plaintiff had made a fraudulent statement with reference to the fnancial worth of said partnership at the time of purchase, or to show other fraudulent acts on the part of Fred A. Mentges in the sale of the half interest in said partnership."

In the opinion of the court no error prejudicial to the plaintiff in error was committed, for the following reasons:

It appears in evidence that the contract between these parties was in writing. In that contract the subject matter of. the sale is described as follows:

"My undivided interest in and to all the assets including stock of goods, fixtures, tools, machinery, good will, trade, contracts, leases, etc. of a business now conducted by the said Joseph W. Harris and myself."

The bill of sale purports to convey the assets above described. Nothing is said in the contract with reference to the bills payable.

The consideration is stated to be $1,175 payable as follows:

"One thousand dollars on or before March 6th, 1920. Balance to be paid sixty days from date, and secured by personal note." And the defendant below signed the written agreement and over his signature was his acceptance in this language: "I hereby

accept said proposition and agree to purchase said one-half interest of said Fred A. Mentges at the price and terms above specified.''

The general rule in a court of law is that when the parties reduce their agreement to writing, the writing supersedes all prior and contemporaneous negotiations and agreements with reference to the same subject matter. The existence or amount of the bills payable could or in any sense have been material under the terms of this contract, for the reason that they constituted not assets but liabilities and the written agreement shows no promise upon the part of the purchaser to assume the liabilities. Such evidence showed no breach of the contract as reduced to writing by the parties.

The only purpose of the testimony was to show that the defendant's promise was not as stated in the writing to pay $1,175 in the manner stated, but to pay a smaller amount. If the written promise could be varied by oral evidence as to the amount, it could be varied as to the date of payment, the giving of the note, and in every other respect. The parol evidence rule would thereby be rendered nuatory and written agreements no protection to the parties, Williston on Contracts, Sec. 115-B, where it is said:

''It follows therefore, that the only case where the parol evidence rule is applicable to a recital of consideration is where the consideration recited is itself a promise.''

That rule clearly covers this case. This is not a case where the contract merely acknowledges receipt of consideration. On the contrary the contract is bilateral and it is sought to change the terms of one of the promises by parol. This the law does not permit.

The judgment is therefore affirmed.